UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                     Plaintiff,

-against-

CHRISTER JOHNSON,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 14 CV 6478 (CS)

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Christer Johnson ("Defendant"), by his attorneys Kasowitz, Benson, Torres & Friedman LLP, answers and responds to the complaint ("Complaint") of plaintiff International Business Machines Corporation ("Plaintiff") as follows:

## IDENTITY OF THE PARTIES

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint except admits only that at the time of his departure, he was employed by IBM in the position of Partner, North America, Advanced Analytics Leaders, and was based in Herndon, Virginia.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint purports to characterize writings which speak for themselves, and consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

5. Paragraph 5 of the Complaint purports to characterize writings which speak for themselves, and consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

## NATURE AND BACKGROUND OF THE ACTION

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint, except admits only that Plaintiff purports to bring this action pursuant to the count pled therein. By way of further response, Defendant denies that he violated any law, rule or regulation, or breached any contract, and further denies that Plaintiff is entitled to any relief, monetary, equitable or otherwise.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except admits only that he was a participant in the IBM Plan.

8. Paragraph 8 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint, except admits only that he commenced employment with EY on January 22, 2013, and is a Principal in EY's National Advisory Practice, Enterprise Intelligence, Analytics.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, except admits only that certain services offered by EY may be competitive with certain services offered by Plaintiff. By way of further response, Defendant has not engaged in any competitive activity towards IBM at EY; rather, Defendant and EY are customers of IBM and Defendant is a key participant in an initiative to form an IBM-EY business alliance.

**Contractual Grounds for Rescission of Grants and Awards**

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint, except admits only that during his employment with IBM, he received certain Awards.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

15. Paragraph 15 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

16. Paragraph 16 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

17. Paragraph 17 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

18. Paragraph 18 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

19. Paragraph 19 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

20. Paragraph 20 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

**The Grant of Options and Awards**

21. Paragraph 21 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph, except admits only that he received certain Awards.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

**Agreement to Jurisdiction and Venue and Reimbursement of IBM Legal Fees and Costs**

36. Paragraph 36 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

37. Paragraph 37 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

38. Paragraph 38 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

39. Paragraph 39 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

**Notice of Rescission**

40. Paragraph 40 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph. By way of further response, Defendant has not engaged in any competitive activity towards IBM at EY; rather, Defendant and EY are customers of IBM and Defendant is a key participant in an initiative to form an IBM-EY business alliance.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

43. Paragraph 43 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint, except admits only that he has not made any repayments to IBM in connection with any purported rescission by IBM of his vested stock options and restricted stock units.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

45. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 44 of the Complaint with the same force and effect as if set forth fully herein.

46. Defendant repeats and realleges its response to the allegations contained in Paragraph 9 of the Complaint with the same force and effect as if set forth fully herein.

47. Paragraph 47 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

48. Paragraph 48 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint, except admits only that he commenced employment with EY on January 22, 2013.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint, except admits only that certain services offered by EY may be competitive with certain services

offered by Plaintiff. By way of further response, Defendant has not engaged in any competitive activity towards IBM at EY; rather, Defendant and EY are customers of IBM and Defendant is a key participant in an initiative to form an IBM-EY business alliance.

52. Paragraph 52 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

53. Paragraph 53 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

54. Paragraph 54 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

55. Paragraph 55 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint, except admits only that he has not made any repayments to IBM in connection with any purported rescission by IBM of his vested stock options and restricted stock units.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint purports to characterize a writing which speaks for itself. To the extent a response is required, Defendant denies the allegations contained in this Paragraph.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

**Additional Allegations/Damages**

Defendant denies each and every allegation of the Complaint, expect as specifically herein admitted, qualified or otherwise answered, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendo or speculation contained in the Complaint. Further, Defendant denies that Plaintiff is entitled to any relief, whether injunctive, declaratory, monetary, compensatory, punitive, equitable, costs and/or fees relating to this matter, or in any other form sought by Plaintiff. Further, Defendant specifically denies any allegations contained in headings or unnumbered paragraphs of the Complaint.

**AFFIRMATIVE DEFENSES**

**As and For a First Defense**

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**As and For a Second Defense**

Plaintiff's purported claims are premised on contracts that are void and unenforceable.

**As and For a Third Defense**

Plaintiff's purported claims are premised on contracts that violate public policy by attempting to impose an impermissible restraint on trade and fair competition.

**As and For a Fourth Defense**

Plaintiff's purported claims are premised on contracts that are unconscionable.

**As and For a Fifth Defense**

Plaintiff's purported claims are premised on contracts that have terminated and/or expired.

### As and For a Sixth Defense

Plaintiff's purported claims are premised on contracts that are illegal.

### As and For a Seventh Defense

Defendant has fully performed each of his obligations under each of the purported contracts.

### As and For a Eighth Defense

To the extent Plaintiff has suffered any damages, which damages are denied, any such damages are the result of Plaintiff's own conduct and actions and/or omissions.

### As and For a Ninth Defense

Plaintiff has suffered no economic loss and/or failed to mitigate its alleged damages. To the extent that Plaintiff suffered any damages, which damages are denied, any such damages are barred and/or must be reduced on account of Plaintiff's failure to take reasonable steps to mitigate damages.

### As and For a Tenth Defense

Plaintiff's purported claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel and/or laches.

### As and For an Eleventh Defense

Plaintiff's purported claims are barred, in whole or in part, by the doctrines of unclean hands and/or in pari delicto.

### As and For a Twelfth Defense

The relief requested in the Complaint would constitute unjust enrichment to Plaintiff.

### As and For a Thirteenth Defense

Plaintiff is barred from recovering attorneys' fees for its purported claims.

### As and For a Fourteenth Defense

Plaintiff has not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Complaint.

### As and For a Fifteenth Defense

Defendant intends to rely upon any other defense that may become available during the proceedings in this case, and hereby reserves his right to amend his Answer to assert any such defense(s).

**WHEREFORE**, Defendant respectfully requests that the Court:

A. Dismiss the Complaint in its entirety with prejudice;

B. Deny each and every demand and prayer for relief contained in the Complaint;

C. Award Defendant his costs and reasonable attorneys' fees; and

D. Award Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 15, 2014

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: _____
Eric J. Wallach (ewallach@kasowitz.com)
Joshua D. Fulop (jfulop@kasowitz.com)

1633 Broadway
New York, NY 10019
(212) 506-1700

*Attorneys for Defendant*